**Hong Rong LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondents.**

**No. 05–1761–AGNAC.**

United States Court of Appeals, Second Circuit.

March 1, 2006.

Oleh R. Tustaniwsky, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Deputy Chief, Appellate Division, Assistant United States Attorneys, Miami, Florida, for Respondent, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Hong Rong Lin, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA agrees with the IJ's conclusion that a petitioner is not credible and without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of the decision, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review factual findings under the substantial evidence standard.

*See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

The IJ noted the following problems with Lin's testimony and supporting documents: (1) his testimony and his airport interview provided two entirely different accounts of why he came to the United States; (2) his testimony relating to the fine or fines he may have received in China was internally inconsistent and not supported by documents in the record; (3) the fact that Lin's children attend public school and that he was able to obtain so many documents, such as the household registration from November 2000 and a national identity card issued in November 1999, contradicts his claim that his family was in hiding; (3) Lin's testimony relating to when his wife went into hiding was internally inconsistent and not consistent with supporting documents; (5) Lin's testimony regarding exactly when he and his wife made an application to have a second child was internally inconsistent, citing several dates, and not consistent with his wife's letter; (6) Lin's testimony was vague and inconsistent as to when officials came looking for his wife during her pregnancy; and (7) Lin's testimony regarding how his father's neighbors were able to determine that his aunt's neighbors knew of the existence of his second child, when they lived 40 minutes away, was implausible. On appeal, Lin challenged only the first of these findings, arguing that the airport interview does not undermine his credibility based on the factors laid out in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–182 (2d Cir.2004). We disagree. The BIA properly analyzed the *Ramsameachire* factors and concluded that the record of the airport interview was a reliable basis upon which to question Lin's credibility. Furthermore, the other previously

stated grounds, on which the IJ relied provide ample support for the adverse credibility determination.

Lin claims that he qualifies for withholding of removal and CAT because it is more likely than not that he would be persecuted and tortured if removed to China. The IJ properly determined that Lin failed to satisfy the lesser burden of proof to show the objective likelihood of harm required for asylum; therefore, it necessarily follows that he has not established that if he were now to return to China, it is more likely than not that he would be subject to persecution. Furthermore, the IJ rationally determined that Lin's incredible testimony cannot satisfy the burdens of proof and persuasion required to make a claim under CAT. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).